IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PATRICK DARNELL MOORE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO: **5:22-cv-1319** |
| v. | § | |
| | § | |
| **GUILD MORTGAGE COMPANY,** | § | |
| | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE

Plaintiff Patrick Darnell Moore ("Plaintiff" or "Moore") files this Original Complaint against Defendant Guild Mortgage Company ("Defendant" or "GMC"), for unlawful race discrimination in violation of 42 U.S.C. § 1981 as follows:

## I.
## PARTIES

1. Plaintiff Patrick Darnell Moore is an African-American citizen who resides in Bexar County, Texas.

2. Defendant is a domestic corporation with its principal place of business in San Diego, CA. Defendant may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Dallas, TX 75201. At all relevant times, Defendant has continuously been an employer under 42 U.S.C. § 1981 and 29 U.S.C. § 206.

## II.
## JURISDICTION & VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4). This action arises under and is brought pursuant to 42

U.S.C. § 1981 ("Section 1981") and 29 U.S.C. § 206(d) (the "Equal Pay Act").

5. Venue is proper in the U.S. District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III.
### NATURE OF THE CLAIM

6. Moore seeks actual, compensatory and exemplary damages for Defendant's discrimination against him based on his race in violation of Section 1981 and actual and liquidated damages for Defendant's unequal pay based on his sex in violation of the Equal Pay Act.

### IV.
### BACKGROUND FACTS

7. Moore is an African American male and retail mortgage banker with over twenty years of experience in the mortgage loan industry. Moore was hired by GMC in November 2016 as a Loan Officer. GMC promoted Moore to Branch Manager in San Antonio (Region One, Texas), paying him his standard commission 1.5 basis points on personal production, plus .20 basis points on all the branch production, minus his personal production.

8. GMC is one of the top independent mortgage lenders in the nation. GMC professes to be a workplace that treats its employees equally without regard to race, sex, or other differences in background. GMC has written policies created for the purpose of following laws against discrimination. GMC knows that its policies do not enforce themselves. GMC violated its own policies in discriminating against Moore.

9. During his last few years with GMC, Moore built his branch from an annual production of $30MM to a $91MM in 2021. During his last three years as Branch Manager, Moore was the market leader in production and profit based on the metrics used by GMC to evaluate a

branch's viability. At that time, GMC had 5 branches in the San Antonio market, and GMC's branch was the most productive for the last 3-4 years of his employment. In 2021, GMC's branch was profitable and was featured in 2022 by Chad Overhauser, Sr. VP Divisional Sales, on the company's P&L best practices call. Indeed, Moore was the only branch manager out of 250 branches in the country to lay bare his P&L, and he was given high praise for doing so.

10. In May 2022, GMC held its annual leadership conference in Las Vegas. On or about the evening of May 10, 2022, Moore spoke with his Caucasian female counterpart, Madge Rashell, also a Branch Manager (Region Two, Texas) in San Antonio. Moore and Rashell have the same minimum level of skill required to perform their Branch Manager duties. Their Branch Manager roles require the same minimum level of responsibility and effort to perform at an acceptable level. They have similar working conditions, to the extent they include work location, supervisor, and minimum standards for performing their job duties as Branch managers at a given level and administrative support. In other words, the skill, effort and responsibility required in the performance of the jobs is substantially equal. Yet, Rashell told Moore she received a $350,000 bonus for her production in 2021 and earned a total of approximately $750,000 in compensation. Moore was surprised to hear that, knowing that he had received only about $130,000 in bonus despite out-performing Rashell, with his branch yielding $90MM in production, and only earning a combined income of approximately $440,000.

11. This makes no sense. GMC Branch Managers are paid on the branch production minus their personal production, and Rashell's branch production was only $80MM. Her personal production was only $29MM. Accordingly, Rashell was paid a $350,000 bonus on approximately $51MM in net production from her branch. By comparison, Moore's branch had $90MM in production, and his personal production was approximately $21MM. Moore should have received

$523,162.00 as 2020 and 2021 bonus compensation pursuant to GMC's policies and practices. Yet, Moore was paid only $130,000 in bonus on $69MM net production.

12. GMC is aware of its conduct and had a chance to correct it. The facts above were confirmed when Moore contacted Overhauser and Arthur Ochoa to ask if Raschell had been paid more and why. Overhauser confirmed on the call that Rashell, a similarly situated white female employee, was indeed paid more than Moore. Instead of correcting its wrongs, Overhauser and Ochoa made excuses, refused to compensate Moore, and accepted Moore's resignation. The explanation offered—that Rashell was paid more because she had more personal production than Moore—was false, contrary to GMC's formula for calculating bonuses and thus, was a pretext for race discrimination and sex discrimination in compensation. The real reason Moore was paid substantially less than Rashell is because of his race and sex.

## V.
## CAUSES OF ACTION

**A)** **First Cause of Action: Race Discrimination in Violation of 42 U.S.C. § 1981**

13. Moore incorporates the preceding paragraphs as if fully stated herein.

14. Section 1981 provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color or because of that person's race, the law has been violated and the person of color may file suit and recover damages.

15. Moore belongs to a protected group. Moore was qualified for the position he held as Branch Manager for Defendant, and was subjected to discrimination based on his race, and the discrimination complained of altered a term, condition or privilege of his employment in violation of Section 1981. Similarly situated white individuals were treated more favorably under nearly

identical circumstances. Among other things, similarly situated white individuals were provided more compensation for substantially similar work with significantly lower results. Defendant has no legitimate, non-discriminatory reason for its actions against Moore, and the reasons it offered to Moore were pretext for unlawful discrimination.

16. By the conduct described, Defendant deprived Moore of the same rights as enjoyed by white employees to the creation, performance, enjoyment, and all benefits and privileges of their employment with Defendant in violation of Section 1981.

17. Defendant's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of Moore's injuries.

18. As a further result of Defendant's unlawful conduct, Moore has suffered and expects to suffer pecuniary losses, including, but not limited to lost wages and other employment benefits, damage to professional and personal reputation, undue stress, anxiety, and other non-pecuniary losses. As such, Moore seeks actual and compensatory damages.

19. Additionally, Moore seeks equitable relief necessary to return him to the position that he would have held but for Defendant's unlawful conduct.

20. Defendant acted intentionally, with malice and/or reckless indifference to Moore's rights; therefore, Moore is entitled to punitive damages.

21. Defendant's discriminatory conduct forced Moore to retain the assistance of counsel in order to redress the harms inflicted upon him. Consequently, Moore seeks reasonable attorneys' fees, expert fees, and court costs, including on appeal, if necessary.

**B)** **Second Cause of Action: Violation of the Equal Pay Act**

22. Moore incorporates the preceding paragraphs as if fully stated herein.

23. Defendant is subject to the Equal Pay Act.

24. Moore performed work in a position requiring skill, effort and responsibility similar to that of his female counterparts, and in similar working conditions.

25. As shown above, Moore was paid less than his female counterparts that were working under substantially equal jobs requiring similar skills, effort and responsibility as his position, Branch Manager.

26. Because of the actions of Defendant, Moore has suffered damages and seeks backpay and liquidated damages equal to the amount of backpay.

27. Defendant acted willfully.

28. Defendant's discriminatory conduct forced Moore to retain the assistance of counsel in order to redress the harms inflicted upon him. Consequently, Moore seeks reasonable attorneys' fees, expert fees, and court costs, including on appeal, if necessary.

## VI.
## JURY DEMAND

29. Moore hereby demands a trial by jury.

## VII.
## PRAYER

Plaintiff, Patrick Moore, requests that the Defendant be cited to appear and answer herein, and that upon a jury trial on the merits, judgment be entered in favor of Plaintiff against Defendant awarding him the following: back pay, equitable relief necessary to place Moore in the position that he would have held but for Defendant's discrimination and, if reinstatement is not feasible, front pay through the date of retirement; actual damages; compensatory damages; liquidated damages; and punitive damages, together with pre-judgment interest (from the date of injury through the date of judgment) and post-judgment interest at the maximum rate allowed by law,

attorney's fees, expert fees and costs of court, and such other and further relief to which Plaintiff may be entitled in law or equity.

Dated: December 9, 2022                                    Respectfully Submitted,

                                                           /s/ Courtney Barksdale Perez
                                                           E. Leon Carter
                                                           Texas Bar No. 03914300
                                                           lcarter@carterscholer.com
                                                           Courtney Barksdale Perez
                                                           Texas Bar No. 24061135
                                                           cperez@carterscholer.com
                                                           CARTER ARNETT, PLLC
                                                           8150 N. Central Expressway
                                                           Suite 500
                                                           Dallas, Texas 75206
                                                           (214) 550-5052 (phone)
                                                           (214) 550-8185 (fax)

                                                           **ATTORNEYS FOR PLAINTIFF
                                                           PATRICK MOORE**